AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
JAN 1 3 2020
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  20MJ0119
BLU PHONE )
FP&F No. 2020250400062601, Line Item 0004 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1.

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 952, 960, and 963 | Importation of Controlled Substances |

The application is based on these facts:
See Affidavit of HSI Special Agent Seidy Gaytan, which is hereby incorporated by reference and made part hereof.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Seidy Gaytan, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/13/20

*Judge's signature*

City and state: San Diego, CA         Hon. Bernard G. Skomal, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Special Agent Seidy Gaytan, being duly sworn, hereby state as follows:

## INTRODUCTION

1. I submit this affidavit in support of an application for a warrant to search the following electronic device(s):

> BLU PHONE
> SILVER/CHROME BACK, BLACK SCREEN
> FP&F No. 2020250400062601, Line Item 0004
> **(Target Device 1)**
>
> Memory Card
> #G04G1206896448
> **(Target Device 2)**
>
> APPLE I-PHONE 11 PRO
> SPACE GRAY COLOR BACK, CRACKED FRONT SCREEN PROTECTOR
> FP&F No. 2020250400062602, Line Item 0001
> **(Target Device 3)**
>
> APPLE I-PHONE
> PINK AND WHITE COLOR
> MODEL A1661
> FP&F No. 2020250400062602, Line Item 0001
> **(Target Device 4)**
>
> SIM Card
> No. 8901260661920094443f802063
> **(Target Device 5)** (collectively, **Target Devices**)

as further described in Attachments A-1, A-2, A-3, A-4, and A-5 and to seize evidence of crimes, specifically violations of Title 21, United States Code, Section(s) 952, 960 and 963, as further described in Attachment B.

2. The requested warrant relates to the investigation and prosecution of Edwin Jesus SALINAS ARIAS and Rosa Angelica VARGAS RODRIGUEZ for importing approximately 88.86 kilograms (195.90 pounds) of methamphetamine from Mexico into the United States. *See United States v. Salinas Arias, et al.*, Case No. 19-MJ-05602 (S.D.

Cal.). The Target Devices are currently in the evidence vault located at 2255 Niels Bohr Ct, San Diego, CA 92154.

3. The information contained in this affidavit is based upon my training, experience, investigation, and consultation with other members of law enforcement. Because this affidavit is made for the limited purpose of obtaining a search warrant for the Target Devices, it does not contain all the information known by me or other agents regarding this investigation. All dates and times described are approximate.

## BACKGROUND

4. I have been employed as a Special Agent with Homeland Security Investigations since September 2007. I am currently assigned to DSAC San Ysidro Contraband Smuggling 2. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia.

5. During my tenure with HSI, I have participated in the investigation of various drug trafficking organizations involved in the importation and distribution of controlled substances into and through the Southern District of California.

6. Through my training, experience, and conversations with other members of law enforcement, I have gained a working knowledge of the operational habits of narcotics traffickers, in particular those who attempt to import narcotics into the United States from Mexico at Ports of Entry. I am aware that it is common practice for narcotics smugglers to work in concert with other individuals and to do so by utilizing cellular telephones. Because they are mobile, the use of cellular telephones permits narcotics traffickers to easily carry out various tasks related to their trafficking activities, including, *e.g.*, remotely monitoring the progress of their contraband while it is in transit, providing instructions to drug couriers, warning accomplices about law enforcement activity, and communicating with co-conspirators who are transporting narcotics and/or proceeds from narcotics sales.

7. Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their memory and

Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. In particular, in my experience and consultation with law enforcement officers experienced in narcotics trafficking investigations, I am aware that individuals engaged in drug trafficking commonly store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in drug trafficking, as well as images and videos of drugs or contraband, proceeds and assets from drug trafficking, and communications to and from recruiters and organizers.

8. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

a. tending to indicate efforts to import methamphetamine, or some other federally controlled substance, from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the Target Devices; and/or

  f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

9. On December 16, 2019, at approximately 11:53 p.m., SALINAS ARIAS and VARGAS RODRIGUEZ applied for permission to enter the United States at the San Ysidro, California Port of Entry. SALINAS ARIAS was the registered owner and driver of a 2008 GMC Yukon bearing California license plates. VARGAS RODRIGUEZ was the passenger. SALINAS ARIAS and VARGAS RODRIGUEZ were referred for secondary inspection, and Customs and Border Protection Officers discovered liquid methamphetamine concealed in the gas tank of the vehicle, with a total approximate weight of 88.86kilograms (195.90 lbs.). SALINAS ARIAS and VARGAS RODRIGUEZ were subsequently arrested and the Target Devices were seized from them. Target Device 1 and 3 was seized from SALINAS ARIAS. Target Devices 3, 4, and 5 were seized from VARGAS RODRIGUEZ.

10. Later, agents read SALINAS ARIAS and VARGAS RODRIGUEZ their *Miranda* rights, and they agreed to speak to agents without an attorney present. SALINAS ARIAS and VARGAS RODRIGUEZ denied knowledge of the drugs in the vehicle. They stated that they had traveled to Tijuana to visit a vet (a total of 7 puppies were in the vehicle at the time that they crossed into the United States) where they encountered car problems and took the vehicle to a mechanic. The mechanic delivered the repaired vehicle shortly before they crossed the border back into the United States.

11. In light of the above facts, SALINAS ARIAS and VARGAS RODRIGUEZ's statements, and my own experience and training, there is probable cause to believe that SALINAS ARIAS and VARGAS RODRIGUEZ, as well as other persons as yet unknown, were involved in a conspiracy to import methamphetamine or other federally controlled substances into the United States. Based on my experience investigating narcotics smugglers, I also believe that SALINAS ARIAS and VARGAS RODRIGUEZ may have used the Target Devices to coordinate with co-conspirators regarding the importation and

distribution of controlled substances, and to otherwise further this conspiracy both inside and outside of the United States.

12. Further, based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe recent calls made and received, telephone numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of the Target Devices which may identify other persons involved in narcotics trafficking activities. Accordingly, based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the narcotics trafficking activities of SALINAS ARIAS and VARGAS RODRIGUEZ, such as telephone numbers, made and received calls, contact names, electronic mail (e-mail) addresses, appointment dates, messages, pictures, audio files, videos and other digital information are stored in the memory of the Target Devices.

13. In my training and experience, narcotics traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. Co-conspirators are also often unaware of a defendant's arrest and will continue to attempt to communicate with a defendant after their arrest to determine the whereabouts of the narcotics. Based on my training and experience, it is also not unusual for individuals, to attempt to minimize the amount of time they were involved in their smuggling activities, and for the individuals to be involved for weeks and months longer than they claim. Accordingly, I request permission to search the Target Devices for data beginning on November 16, 2019, up to and including December 17, 2019 (the day after their arrest).

**METHODOLOGY**

14. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be

simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

15. Following the issuance of this warrant, I will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones and the memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

16. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within 90 days, absent further application to this court.

//
//

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

17. Law enforcement has not previously attempted to obtain the evidence sought by this warrant.

## CONCLUSION

18. Based on the facts and information set forth above, there is probable cause to believe that a search of the Target Devices will yield evidence of SALINAS ARIAS and VARGAS RODRIGUEZ's violations of Title 21, United States Code, Sections 952, 960 and 963.

19. Because the Target Devices were seized at the time of Defendants' arrests and have been securely stored since that time, there is probable cause to believe that such evidence continues to exist on the Target Devices. As stated above, I believe that the appropriate date range for this search is from November 16, 2019, up to and including December 17, 2019.

20. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the items described in Attachments A-1, A-2, A-3, A-4, and A-5 and seize the items listed in Attachment B using the above-described methodology.

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Seidy Gaytan
Homeland Security Investigations

Subscribed and sworn to before me this __13__ day of January, 2020.

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

## ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The following property is to be searched:

> BLU PHONE
> SILVER/CHROME BACK, BLACK SCREEN
> FP&F No. 2020250400062601, Line Item 0004
> **(Target Device 1)**

Target Device 1 is currently in the possession of Homeland Security Investigations at 2255 Niels Bohr Ct, San Diego, CA 92154.

## ATTACHMENT A-2
PROPERTY TO BE SEARCHED

The following property is to be searched:

    Memory Card
    #G04G1206896448
    **(Target Device 2)**

Target Device 2 is currently in the possession of Homeland Security Investigations at 2255 Niels Bohr Ct, San Diego, CA 92154.

## **ATTACHMENT A-3**
PROPERTY TO BE SEARCHED

The following property is to be searched:

>APPLE I-PHONE 11 PRO
>SPACE GRAY COLOR BACK, CRACKED FRONT SCREEN
>PROTECTOR
>FP&F No. 2020250400062602, Line Item 0001
>**(Target Device 3)**

Target Device 3 is currently in the possession of Homeland Security Investigations at 2255 Niels Bohr Ct, San Diego, CA 92154.

## ATTACHMENT A-4
PROPERTY TO BE SEARCHED

The following property is to be searched:

    APPLE I-PHONE
    PINK AND WHITE COLOR
    MODEL A1661
    FP&F No. 2020250400062602, Line Item 0001
    **(Target Device 4)**

Target Device 4 is currently in the possession of Homeland Security Investigations at 2255 Niels Bohr Ct, San Diego, CA 92154.

## ATTACHMENT A-5
PROPERTY TO BE SEARCHED

The following property is to be searched:

    SIM Card
    No. 8901260661920094443f802063
    **(Target Device 5)**

Target Device 5 is currently in the possession of Homeland Security Investigations at 2255 Niels Bohr Ct, San Diego, CA 92154.

## ATTACHMENT B
ITEMS TO BE SEIZED

Authorization to search the items described in Attachments A-1, A-2, A-3, A-4, and A-5 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephones for evidence described below. The seizure and search of the Target Devices shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the Target Devices will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of November 16, 2019, up to and including December 17, 2019:

a. tending to indicate efforts to import methamphetamine, or some other federally controlled substance, from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the Target Devices; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Title 21, United States Code, Sections 952, 960 and 963.